{¶ 36} I agree with both the judgment and opinion. I write separately merely to express my view that in certain situations, trial courts should be permitted, after all direct appeals have been exhausted in a criminal case, to entertain a Civ.R. 60(B) motion for relief from judgment. One may conceive of situations that could arise that involve either fraudulent or newly discovered evidence, unknown at the time of trial and during the direct appeals, that impacted the case's outcome and created a manifest miscarriage of justice. I agree, however, that a trial court's decision to grant relief from judgment based solely upon the precise issues raised and rejected on direct appeal (as has occurred here) is beyond the purview of a trial court's jurisdiction. As the principal opinion aptly notes, when an appellate court has considered and rejected a particular issue, a trial court's later ostensible review of that identical issue is inconsistent with the appellate court's exercise of jurisdiction and the doctrine of the law of the case.